UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

National Review Inc.
19 West 44th Street
Suite 1701
New York, NY 10036

      Plaintiff,

  v.

United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530,

      Defendant.

**COMPLAINT**

1. Plaintiff, National Review, brings this complaint, by and through undersigned counsel, against Defendant, the United States Department of Justice ("DOJ"), for violation of the Freedom of Information Act ("FOIA") (5 U.S.C. § 552). National Review is the publisher of a magazine and website covering government, global, and political news. As laid out in more detail below, National Review submitted two FOIA requests to the DOJ.

2. The first FOIA request ("Section 117 FOIA request") was submitted via email and mail on June 13, 2025. The Section 117 FOIA request seeks records related to enforcement referrals made by the Department of Education to the DOJ, pursuant to Section 117 of the Higher Education Act of 1965 (20 U.S.C. § 1011f). The DOJ did not produce any records responsive to National Review's Section 117 FOIA request.

3. National Review submitted a second FOIA request ("Mortgage Fraud FOIA request") via email and mail on September 4, 2025. The Mortgage Fraud FOIA request seeks all referrals made by the Federal Housing Finance Agency ("FHFA") to the criminal division of the DOJ regarding mortgage fraud from January 20, 2025, to the present. The DOJ did not produce any records responsive to National Review's Mortgage Fraud FOIA request.

4. The DOJ is the custodian of records that are responsive to National Review's FOIA requests. The DOJ failed to produce any records that are responsive to either of National Review's FOIA requests. No reason was given for the DOJ's constructive denial of National Review's FOIA requests.

5. National Review seeks injunctive and declaratory relief as well as an award of costs and fees pursuant to FOIA's fee-shifting provision (5 U.S.C. § 552(a)(4)(E)).

## VENUE AND JURISDICTION

6. This Court is the proper venue pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. §552(a)(4)(B).

7. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, 2202.

## PARTIES

8. Plaintiff, National Review Inc., is a corporation formed under the laws of New York. National Review's principal place of business is located at 19 West 44th Street, Suite 1701, New York, NY 10036. National Review publishes a conservative political magazine and maintains a website on which it publishes articles regarding public policy.

9. Defendant, the United States Department of Justice, is a federal agency that is *sui juris*. The DOJ is part of the Federal government with its principal office located at 950 Pennsylvania Ave., NW, Washington, DC 20530.

## FACTUAL ALLEGATIONS

### A. Background on National Review

10. National Review was founded in 1955 as a "magazine of conservative opinion." National Review has published articles about actions and policies of the U.S. Government for more than seven decades. It publishes a magazine twelve times a year and remains an influential source of news and opinion. It publishes a constant stream of online news and opinion on its website Nationalreview.com.

11. National Review reports extensively on U.S. politics and policy. National Review's politics and policy articles can be found at https://www.nationalreview.com/politics-policy/.

### B. Background on the DOJ's Section 117 Referrals Received from the Department of Education

12. Section 117 of the Higher Education Act of 1965 (20 U.S.C. § 1011f) requires all institutions of higher education to report foreign donations more than $250,000. When an institution fails to comply with Section 117, the Secretary of the Department of Education may request a civil action be brought by the Attorney General to compel compliance via the courts (20 U.S.C. § 1011f(f)).

13. On July 15, 2025, the Department of Education announced that it was opening an investigation into the University of Michigan for the university's "inaccurate and incomplete [foreign funding] disclosures." The investigation into the University of

Michigan is one of several ongoing Section 117 investigations which include the University of Pennsylvania, UC Berkeley, and Harvard University. Under 20 U.S.C. § 1011f(f), the Department of Education can request the DOJ bring a civil action when universities fail to comply. The four Section 117 investigations listed in this paragraph all fall within the time frame specified in National Review's Section 117 FOIA request. The Department of Education's press releases can be found at https://www.ed.gov/about/news/press-release/us-department-of-education-opens-foreign-funding-investigation-university-of-michigan, and https://www.ed.gov/about/news/press-release/us-department-of-education-opens-foreign-funding-investigation-university-of-pennsylvania-after-discovering-inaccurate-and-untimely-foreign-financial#:~:text=The%20Department%20of%20Education%20recently,revealed%20inaccurate%20and%20incomplete%20disclosures, and https://www.ed.gov/about/news/press-release/us-department-of-education-returns-section-117-foreign-funding-enforcement-office-of-general-counsel-announces-investigation-uc-berkeley, and https://www.ed.gov/about/news/press-release/us-department-of-education-initiates-records-request-harvard-university-after-discovering-inaccurate-foreign-financial-disclosures.

14. The DOJ is responsible for enforcing compliance with the requirement that institutions of higher education report foreign donations, and, therefore, the DOJ is the custodian of records sought in National Review's FOIA requests (20 U.S.C. § 1011f(f)).

**C. Background on the DOJ's Receipt of Mortgage Fraud Referrals from the FHFA**

15. Between April of 2025 and August of 2025, the FHFA sent at least three criminal referrals to Attorney General Bondi. All three referrals contained allegations of mortgage fraud against various government officials.

16. More specifically, on April 14, 2025, the FHFA sent a criminal referral to Attorney General Bondi and Deputy Attorney General Blanche regarding New York Attorney General Letitia James, alleging that Attorney General James falsified "bank documents and property records to acquire government backed assistance and loans and more favorable loan terms." A copy of the referral can be found at https://static.foxnews.com/foxnews.com/content/uploads/2025/04/letitia_james_referral_first_3_pages.pdf. On May 27, 2025, the FHFA sent a criminal referral to Attorney General Bondi and Deputy Attorney General Blanche regarding U.S. Senator Adam Schiff, alleging that Senator Schiff "has, in multiple instances, falsified bank documents and property records to acquire more favorable loan terms, impacting payments from 2003-2019 for a Potomac, Maryland-based property." A copy of the referral can be found at https://nypost.com/wp-content/uploads/sites/2/2025/07/Referral_Letter_May_27__002_.pdf. On August 15, 2025, the FHFA sent a criminal referral to Attorney General Bondi and Special Attorney Martin regarding Federal Reserve Governor Lisa Cook, alleging Ms. Cook falsified "bank documents and property records to acquire more favorable loan terms, potentially committing mortgage fraud under the criminal statute. This has included falsifying residence statuses for an Ann Arbor, Michigan-based residence and an Atlanta, Georgia-based property in order to potentially secure lower interest rates and more favorable loan terms." A copy of the referral can be found at https://clearinghouse.net/resource/4700/.

President Trump recently fired Ms. Cook from her job at the Federal Reserve based on the allegations contained in the criminal referral.

17. The DOJ's Attorney Ed Martin has been assigned to head the investigation into the alleged mortgage fraud of Attorney General James, Senator Schiff, and Ms. Cook. https://www.nbcnews.com/politics/justice-department/doj-opens-investigation-new-york-ags-office-brought-fraud-case-trump-rcna223731.

**D. National Review's Section 117 FOIA Request on June 13, 2025**

18. On June 13, 2025, National Review submitted a FOIA request to the DOJ via email and mail.

19. In its Section 117 FOIA request, National Review requested all records of enforcement referrals received by the DOJ from the Department of Education.

20. More specifically, National Review seeks:

> [A]ll enforcement referrals made by the Office of the Secretary of the Department of Education to the Attorney General of the United States regarding institutional violations of Section 117 of the *Higher Education Act of 1965,* as amended (*HEA*) (see also, 20 U.S.C. § 1011f).

21. The Section 117 FOIA request was limited to January 1, 2020, to the present.

22. The DOJ assigned National Review's Section 117 FOIA request the tracking number 145-FOI-21885.

23. The DOJ has not produced any records responsive to National Review's Section 117 FOIA request.

**E. National Review's Section 117 FOIA Request Appeal**

24. On July 9, 2025, National Review submitted an administrative appeal to the DOJ concerning its Section 117 FOIA request.

25. The DOJ acknowledged receipt of National Review's administrative appeal on July 11, 2025 via email with an attached letter. A second email was sent a few minutes later with a revised copy of the attached acknowledgement letter. The tracking number for the administrative appeal is A-2025-02170.

26. On July 31, 2025, the DOJ denied the administrative appeal as untimely because the DOJ had not issued an adverse ruling.

27. The DOJ's acknowledgement letter and the letter denying the administrative appeal did not clearly state whether or not the DOJ would comply with National Review's request pursuant to 5 U.S.C. § 552(a)(6)(A)(i).

28. Accordingly, National Review brings this action asserting that the DOJ failed to produce, in a timely manner, the non-exempt records that are responsive to National Review's Section 117 FOIA request.

**F. National Review's Mortgage Fraud FOIA Request to the DOJ on September 4, 2025**

29. On September 4, 2025, National Review submitted the Mortgage Fraud FOIA request to the DOJ by email and mail.

30. In its Mortgage Fraud FOIA request, National Review requested all referrals made to the DOJ by the FHFA regarding mortgage fraud.

31. More specifically, National Review seeks:

> This record request is for all criminal referrals regarding mortgage fraud or any other matter made by the U.S. Federal Housing Finance Agency to the Department of Justice or to Attorney General Pam Bondi, Deputy Attorney General Todd Blanche, or Special Attorney Edward Martin.

32. The Mortgage Fraud FOIA request was limited to January 20, 2025, to the present.

33. On September 19, 2025, the Criminal Division of the DOJ acknowledged National Review's Mortgage Fraud FOIA request by email. DOJ assigned the tracking number CRM-302349202 to National Review's Mortgage Fraud FOIA request.

34. In the Criminal Division's acknowledgement email, it stated that National Review's Mortgage Fraud FOIA request was routed to the Executive Office for United States Attorneys ("EOUSA"), the Office of Information Policy ("OIP"), and the Office of the Pardon Attorney ("Pardon Attorney").

35. On September 19, 2025, the EOUSA acknowledged receipt of National Review's Mortgage Fraud FOIA request routed to it by the Criminal Division. The EOUSA assigned the tracking number EOUSA-2025-005958 to National Review's Mortgage Fraud FOIA request. On September 25, 2025, the EOUSA informed National Review by email that the EOUSA did not maintain the records requested and closed the request routed to the EOUSA.

36. On September 23, 2025, OIP acknowledged receipt of National Review's Mortgage Fraud FOIA request routed to it by the Criminal Division. OIP assigned the tracking number FOIA-2025-06950 to National Review's Mortgage Fraud FOIA request.

37. On September 26, 2025, the Pardon Attorney acknowledged receipt of National Review's Mortgage Fraud FOIA request routed to it by the Criminal Division. The Pardon Attorney assigned the tracking number 2025-331562 to National Review's Mortgage Fraud FOIA request. The Pardon Attorney's email, also, stated that it does not maintain the records requested.

38. The DOJ did not produce any records responsive to National Review's Mortgage Fraud FOIA request. Instead. the DOJ engaged in delay tactics by, for example, forwarding a request for criminal referrals to departments such as the Pardon Attorney.

39. The DOJ's acknowledgement emails failed to clearly state whether or not the DOJ would comply with National Review's Mortgage Fraud FOIA request as required by 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT ONE: VIOLATION OF FOIA

(Violation of FOIA: Section 117 FOIA Request)

40. Paragraphs 1 through 39 are realleged here as if set forth in full.

41. National Review submitted a valid FOIA request on June 13, 2025, to the DOJ seeking all records related to Section 117 enforcement referrals. In its request, National Review provided a legally adequate description of the records it seeks.

42. The DOJ is the custodian of records that are responsive to National Review's Section 117 FOIA request.

43. The DOJ did not conduct a legally adequate search for records that are responsive to National Review's Section 117 FOIA request.

44. The DOJ did not produce any records responsive to National Review's Section 117 FOIA request. National Review's Section 117 FOIA request provided more than ample information for the DOJ to search for and produce responsive records.

45. The DOJ constructively denied National Review's Section 117 FOIA request.

46. National Review constructively exhausted its administrative remedies because the DOJ did not comply with 5 U.S.C. § 552(a)(6)(A)(i).

47. National Review exhausted its available administrative remedies.

48. The DOJ, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

## COUNT TWO: VIOLATION OF FOIA

(Violation of FOIA: Mortgage Fraud FOIA Request)

49. Paragraphs 1 through 39 are realleged here as if set forth in full.

50. National Review submitted a valid FOIA request on September 4, 2025, to the DOJ seeking all mortgage fraud criminal referrals from the FHFA. In its request, National Review provided a legally adequate description of the records it seeks.

51. The DOJ is the custodian of records that are responsive to National Review's Mortgage Fraud FOIA request.

52. The DOJ did not conduct a legally adequate search for records that are responsive to National Review's Mortgage Fraud FOIA request.

53. The DOJ engaged in delay tactics.

54. The DOJ did not produce any records responsive to National Review's Mortgage Fraud FOIA request. National Review's Mortgage Fraud FOIA request provided more than ample information for the DOJ to search for and produce responsive records.

55. The DOJ constructively denied National Review's Mortgage Fraud FOIA request.

56. National Review constructively exhausted its administrative remedies because the DOJ did not comply with 5 U.S.C. § 552(a)(6)(A)(i).

57. National Review exhausted its available administrative remedies.

58. The DOJ, therefore, violated the Freedom of Information Act (5 U.S.C. § 552).

## RELIEF SOUGHT

59. For the foregoing reasons, Plaintiff respectfully asks this Court for:

    a. A declaration that the United States Department of Justice violated FOIA;

b.  An injunction ordering the United States Department of Justice promptly to produce all records that are responsive to National Review's Section 117 and Mortgage Fraud FOIA requests;

c.  An award of costs and fees pursuant to 5 U.S.C. § 552(a)(4)(E);

d.  Any other relief that the Court finds to be just.


Respectfully submitted,

 /s/ Don Padou               　　　　　　　　　　　　　　　　　Dated: December 17, 2025
DON PADOU
D.C. Bar No. 1005434
P.O. Box 659
Murphys, CA. 95247
202-664-4395
Padou@PadouLaw.com